IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Althea Dendy,<br><br>　　　　　　Plaintiff,<br>　　vs.<br><br>Nancy A. Berryhill,<br>Acting Commissioner of Social Security Administration,<br>　　　　　　Defendant. | Civil Action No. 2:16-cv-3570-CMC<br><br>**OPINION AND ORDER** |

Through this action, Plaintiff seeks judicial review of the final decision of the Commissioner of Social Security denying her claim for Disability Insurance Benefits ("DIB"). Plaintiff appealed pursuant to 42 U.S.C. § 405(g). The matter is currently before the court for review of the Report and Recommendation ("Report") of Magistrate Judge Mary Gordon Baker, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rules 73.02(b)(2)(a) and 83.VII.02, *et seq.*, D.S.C.

The Report, filed January 22, 2018, recommends the decision of the Commissioner be affirmed. ECF No. 14. On February 5, 2018, Plaintiff filed objections to the Report. ECF No. 15. On February 20, 2018, the Commissioner filed a response to Plaintiff's objections. ECF No. 16. For the reasons stated below, the court adopts the Report and affirms the decision of the Commissioner.

**Standard**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo*

determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ."[1] 42 U.S.C. § 405(g). The court must uphold the Commissioner's decision as long as it was supported by substantial evidence and reached through the application of the correct legal standard. *Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v.*

---

[1] "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964).

2

*Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58. However, the court does not "reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." *Johnson*, 434 F.3d at 653. "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Id.*

## **Background**

Plaintiff applied for DIB on May 22, 2013, alleging disability as of September 6, 2012 (amended date) due to the following severe impairments: carpal tunnel syndrome, lumbar and cervical degenerative disc disease, peripheral neuropathy, status post stage 2 breast cancer, neuropathic changes, and obesity that is severe in combination. $R^2$. at 16. Plaintiff also has depression, liver problems, hypertension, and left elbow pain. R. at 16-17. Plaintiff's application was denied initially and upon reconsideration. On April 1, 2015, a hearing was held before an Administrative Law Judge ("ALJ"). On June 18, 2015, the ALJ issued a decision, finding Plaintiff was not disabled within the meaning of the Act and had the ability to perform light work, including her past relevant work as a bank teller and a case manager, within limitations imposed by the ALJ. The Appeals Council denied Plaintiff's request for review of the ALJ's decision, making the

---

[2] Citations to the Record are denoted by "R."

3

determination of the ALJ the final decision of the Commissioner. Plaintiff filed this action November 7, 2016. ECF No. 1.

## **Discussion**

The Magistrate Judge recommends the court affirm the Commissioner's decision. Plaintiff objects to the Report, arguing the Residual Functional Capacity ("RFC") analysis is incomplete because the ALJ (1) failed to include significant limitations resulting from Plaintiff's breast cancer treatment; (2) failed to properly evaluate the demands of Plaintiff's past relevant work; and (3) did not appropriately consider Plaintiff's impairments, severe and non-severe, in combination. ECF No. 15. Plaintiff's objections essentially rehash arguments made in her brief before the Magistrate Judge. *See* ECF No. 10.

*1) RFC*

Plaintiff first argues the ALJ failed to consider Plaintiff's "significant fatigue" when conducting the RFC analysis, and the Magistrate Judge erred in finding this failure to "explicitly consider" the fatigue was not error. *Id.* Plaintiff argues that error "had a domino effect throughout the ALJ's decision" and the lack of analysis of fatigue frustrates meaningful judicial review. *Id.* at 5.

In response, the Commissioner argues the medical evidence shows Plaintiff's fatigue lessened over time and there is substantial evidence in the record to support the ALJ's RFC finding that Plaintiff could perform light work. ECF No. 16.

This court agrees the ALJ's failure to discuss Plaintiff's fatigue is troubling considering the various medical records from the relevant time period indicating Plaintiff's fairly severe history

4

of fatigue, including foregoing her final chemotherapy treatment in 2013 due to that side effect. It does appear Plaintiff's fatigue did improve after her chemotherapy ended (*see* R. at 734-39 (fatigue not mentioned by Plaintiff at appointments in May and August of 2014)), and the non-examining consultants considered fatigue in analyzing Plaintiff's RFC (*see* R. at 464). In addition, the court notes Plaintiff failed to mention fatigue as a disabling problem at her hearing before the ALJ, focusing more on her pain, neuropathy, and depression. She did mention she did not have the "strength" and "energy" to be social or keep up with her activities of daily living (*see* R. 50-51), but did not specifically discuss her continuing fatigue or how it impacts her or her ability to perform work. In addition, while it is apparent from the medical records Plaintiff's fatigue continued after her breast cancer resolved, there is also evidence showing her complaints lessened over time. Finally, her fatigue was taken into account when Dr. Fox, state agency consultant, formulated her RFC assessment, the ALJ gave Dr. Fox's opinion great weight, and the RFC determination by the ALJ was consistent with Dr. Fox's opinion and RFC assessment.

For the above reasons, the court agrees with the Magistrate Judge Plaintiff's fatigue was properly accounted for and to the extent it was not, the error was not prejudicial. Therefore, this objection is overruled.

    *2) Past Relevant Work*

Plaintiff next argues the ALJ failed to properly evaluate the demands of her past relevant work by failing to make inquiries about the mental demands of the past work. ECF No. 15 at 5. Plaintiff asserts the Magistrate Judge erred in finding Plaintiff provided no explanation for how the ALJ erred, noting "[d]espite the fact that Dendy had mental impairments of depression and

anxiety, as well as severe fatigue and asthenia resulting from her cancer treatment, the ALJ's RFC contained no mental limitations whatsoever." *Id.* at 6 (citing Pl. Br. 25). In response, the Commissioner argues the exclusion of mental limitations from the RFC determination was proper because the medical evidence did not support a finding of work-related functional limitations due to mental impairments. ECF No. 16 at 4.

Plaintiff again focuses on her fatigue, arguing her RFC should include "some non-exertional limitation that would interfere with the ability to perform skilled work." ECF No. 15 at 6. However, as discussed above, the court finds Plaintiff's fatigue is accounted for in her RFC. As further discussed below, Plaintiff's depression and anxiety were considered non-severe by the ALJ,[3] and this court agrees with the Magistrate Judge this conclusion was proper.

### 3) *Combined Effect of All Impairments*

Finally, Plaintiff objects to the Magistrate Judge's conclusion the ALJ considered the combined effects of Plaintiff's physical impairments, arguing the "interplay between Dendy's physical and mental impairments" was not considered. ECF No. 15 at 7. Plaintiff requests remand due to the ALJ's failure to consider the combination of all of Plaintiff's impairments, not just the physical ones. *Id.* at 15. Plaintiff focuses on her depression as it impacts her concentration, and discusses reports from physicians regarding her depression, noting her physical impairments should have been considered along with mental impairments, regardless of severity. The

---

[3] The ALJ explicitly analyzed the Paragraph B Criteria in regards to depression, finding Plaintiff had only mild limitations due to depression. R. at 18-19.

Government notes the ALJ "stated throughout his decision that he had considered Plaintiff's impairments in combination," and argues the record does not show Plaintiff's depression "in combination with her physical impairments resulted in greater functional limitation than the ALJ assessed in his RFC for a range of light work." ECF No. 16 at 6.

As noted by the Magistrate Judge, the record reflects a diagnosis of depression and conservative treatment with medication by Plaintiff's primary care physician. As mentioned above, the ALJ noted Plaintiff's depression was treated with "strictly conservative treatment through primary care providers comprising commonly prescribed mood stabilizing drugs." R. at 17. Plaintiff was able to complete her bachelor's degree after this diagnosis, and there was no record evidence of work-related mental functioning limitations. *Id.* ("Regarding depression, commensurate with subordinate testimony lacking in attribution of significant symptoms or limitation . . . "). The ALJ noted Plaintiff's non-severe impairments, specifically including depression, "considered alone and in combination with all medically determinable conditions - no more than minimally limit the performance of basic work activity. . . ." R. at 17. Further, the Magistrate Judge found the ALJ "went beyond the boilerplate language" to consider Plaintiff's non-severe impairments in combination with other impairments, and considered opinions regarding Plaintiff's "multifactorial" impairments when analyzing the RFC recommendation. ECF No. 14 at 13-14. This court agrees the ALJ properly considered the combination of Plaintiff's impairments, including mental impairments, in coming to the decision Plaintiff is not disabled. This objection is overruled.

**Conclusion**

For the reasons set forth above, the court adopts the Report and Recommendation of the Magistrate Judge and affirms the decision of the Commissioner.

**IT IS SO ORDERED**.

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
February 28, 2018